UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES CRUZ,

                Petitioner,

      -against-

RAY COVENY, Superintendent of the Elmira Correctional Facility,

                Respondent.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/6/2023
```

18 Civ. 10713 (AT) (SN)

**ORDER**

ANALISA TORRES, District Judge:

      On November 14, 2018, Petitioner *pro se*, James Cruz, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Pet., ECF No. 2. The petition raises two grounds for habeas relief: (1) the admission of recorded phone calls Petitioner made to friends and family while he was in pretrial detention infringed on his right to counsel; and (2) "the admission of the phone calls, a photograph of the victim, testimony regarding third-party threats, and evidence of his nickname 'Krime' violated his fundamental right to a fair trial." R&R at 1, ECF No. 40; *see also* Pet. at 5, 7. On January 30, 2019, the Court referred the petition to the Honorable Sarah Netburn for a report and recommendation. ECF No. 10. On September 6, 2019, Respondent filed an opposition to the petition, ECF No. 25, and on December 30, 2019, Petitioner filed a reply, ECF No. 32.

      On June 1, 2022, Judge Netburn issued a Report and Recommendation (the "R&R"), recommending that the petition be denied. *See generally* R&R. On June 16, 2022, Respondent filed a response to the R&R, which states that "Respondent agrees with [Judge] . . . Netburn's conclusion that the petition for a writ of habeas corpus should be denied." ECF No. 42 at 1. On July 11, 2022, Petitioner filed an objection to the R&R. Pet'r Obj., ECF No. 45.[1]

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v.*

---

[1] Petitioner's objection to the R&R is untimely. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On June 17, 2022, the Court granted Petitioner's request for an extension of time until June 23, 2022, to file his objections. *See* ECF No. 44. However, Petitioner did not receive this extension order until June 23, 2022. *See* Pet'r Obj. at 10–11. Petitioner's objection is dated June 24, 2022, and was mailed on July 7, 2022. *See id.* at 9, 13. The objection was received and filed on the docket on July 11, 2022. *See* ECF No. 45; *see also* Pet'r Obj. at 13. Petitioner writes that his objection was "received on a later date [] than the date [he] placed it in the facility [mailbox]" and he "hope[s] it was received by the courts in good faith." ECF No. 47. Petitioner also writes that as of June 24, 2022, the facility he was held in was "locked [sic] down" and "so it [made] it difficult to attend the facility law library to use its resources." Pet'r Obj. at 10. In light of these circumstances, the Court shall excuse Petitioner's untimely submission "in the interests of justice" and shall consider his objection. *King v. City of New York, Dept. of Corr.*, 419 F. App'x 25, 27 (2d Cir. 2011) (summary order).

*U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger de novo review.").

Petitioner argues that Judge Netburn erred because the R&R does not "liberally construe" the petition.  Pet'r Obj. at 1–3; *see also Pearson-Fraser v. Bell Atl.*, No. 01 Civ. 2343, 2003 WL 43367, at *2 (S.D.N.Y. Jan. 6, 2003).  The Court reviews this general objection for clear error, *see Wallace*, 2014 WL 2854631, at *1, and concludes that Judge Netburn did not clearly err in construing the arguments in the petition.  To the contrary, the R&R interprets the petition to raise the strongest arguments that it suggests and carefully examines the record to strengthen those arguments.  *See, e.g.*, R&R at 7–8.[2]

Accordingly, the Court OVERRULES Petitioner's objection to the R&R; ADOPTS the R&R's conclusions as to the petition; and DENIES the petition.  The Court REJECTS the R&R's recommendation that the Court certify that "any appeal from this order would not be taken in good faith" pursuant to 28 U.S.C. § 1915(a)(3).  R&R at 20.[3]

The Clerk of Court is directed to terminate the motion at ECF No. 42, mail a copy of this order to Plaintiff *pro se*, and close the case.

SO ORDERED.

Dated: February 6, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] To the extent Petitioner raises other objections, Petitioner's remaining objections are conclusory or restate his original arguments.  *See Wallace*, 2014 WL 2854631, at *1; *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).  The Court has reviewed the remainder of the R&R for clear error and finds none.  *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014).

[3] The Court does not address the R&R's recommendation that a certificate of appealability should not issue, *see* R&R at 20, because Petitioner does not request that the Court issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c).